RECEIVED
USDC, WESTERN DISTRICT OF LA
ROBERT H. SHEMWELL, CLERK
DATE 3-7-06
BY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
SHREVEPORT DIVISION

| | |
|---|---|
| ERMA MCCOY | CIVIL ACTION NO. 04-1968 |
| VERSUS | JUDGE DONALD E. WALTER |
| CITY OF SHREVEPORT | MAGISTRATE JUDGE HORNSBY |

## MEMORANDUM RULING

Before this Court is a Motion for Summary Judgment filed on behalf of defendant, City of Shreveport [Doc. #15], pursuant to Federal Rule of Civil Procedure 56. Plaintiff opposes this motion. For the reasons assigned herein, defendant's motion is **GRANTED** and plaintiff's claims are **DISMISSED**.

## STATEMENT OF THE CASE

Plaintiff Erma McCoy ("McCoy") brings this employment discrimination action against her former employer, the City of Shreveport ("the City"), alleging that defendant is liable to plaintiff for damages under Title VII of the Civil Rights Act of 1964 ("Title VII"), the First Amendment of the United States Constitution, and Louisiana state law. Plaintiff claims that she was: (1) forced to resign her position as Lieutenant of the Shreveport Police Department ("SPD") due to sexual and racial harassment in the workplace; (2) discriminated against in the workplace based on her sex and race; (3) retaliated against for making complaints of sexual and racial harassment; and (4) the victim of sexual and racial harassment. Defendant asserts that any claims that arose prior to August 21, 2003 are untimely, that plaintiff fails to state a claim for discrimination or retaliation because she cannot show she suffered any tangible employment action, and that plaintiff fails to state a claim for harassment because she cannot show any severe or pervasive conduct based on her race or gender.

## SUMMARY JUDGMENT STANDARD

Under Fed. R. Civ. P. 56 (c), summary judgment "shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law." A fact is "material" if it may affect the outcome of the suit under governing law. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). An issue is "genuine" if there is sufficient evidence so that a reasonable jury could return a verdict for either party. Id. The court must "review the facts drawing all references most favorable to the party opposing the motion." Reid v. State Farm Mutual Auto Insurance Co., 784 F.2d 577, 578 (5th Cir. 1986).

The moving party bears the initial responsibility of informing the court of the basis for its motion, and identifying those parts of the record that it believes demonstrate the absence of a genuine issue of material fact. Celotex Corp. v. Catrett, 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); Lawrence v. Univ. of Tex. Med. Branch at Galveston, 163 F.3d 309 (5th Cir. 1999). The moving party need not produce evidence to negate the elements of the non-moving party's case, but need only point out the absence of evidence supporting the non-moving party's case. Celotex Corp., 477 U.S. at 325; Lawrence, 163 F.3d at 311.

Once the moving party carries its initial burden, the burden then falls upon the non-moving party to demonstrate the existence of a genuine issue of material fact. Matsushita Electrical Industrial Co. v. Zenith Radio Corp., 475 U.S. 574, 106 S.Ct. 1348, 1355-56 (1986). This burden is not satisfied with some metaphysical doubt as to the material facts, by conclusory or unsubstantiated allegations, or by a mere scintilla of evidence. Little v. Liquid Air. Corp., 37 F.3d

1069, 1075 (5th Cir. 1994) (citations omitted). The non-moving party "must go beyond the pleadings and designate specific facts in the record showing that there is a genuine issue for trial." Wallace v. Texas Tech. Univ., 80 F.3d 1042, 1047 (5th Cir. 1996) (citations omitted).

Pursuant to Local Rule 56.1, the moving party shall file a short and concise statement the material facts as to which it contends there is no genuine issue to be tried. Local Rule 56.2 requires that a party opposing the motion for summary judgment set forth a "short and concise statement of the material facts as to which there exists a genuine issue to be tried." All material facts set forth in the statement required to be served by the moving party "will be deemed admitted, for purposes of the motion, unless controverted as required by this rule." Local Rule 56.2.

## LAW AND ANALYSIS

I. **TITLE VII CLAIMS.**

A. **Timeliness**

The City asserts that all claims arising before August 21, 2003 are untimely under 42 U.S.C. §2000e-5(e). A charge of discriminatory conduct must be filed with the EEOC within 300 days after the alleged unlawful act occurs. Civil Rights Act of 1964, 42 U.S.C. § 2000e-5(e)(1). Plaintiff signed her Charge Questionnaires on June 14, 2004. She signed and perfected the charges on July 28, 2004. Using the June 14 date, all claims that arose before August 15, 2003 are untimely as a matter of law and are hereby dismissed.[1] The events that gave rise to plaintiff's counseling session occurred on June 12 and June 26, 2003. Plaintiff was counseled by SPD on August 21, 2003. Though the claims based on the June, 2003 events are dismissed, those events will be considered as part of the totality of the circumstances for purposes of plaintiff's constructive discharge and hostile

---

[1] Plaintiff was on sick leave from August 15 until August 21, 2003.

environment claims.

**B. Discrimination Claim**

McCoy asserts that the City discriminated against her based upon her race and sex, and that defendant retaliated against her for complaining about that discrimination and harassment. To discriminate under Federal and Louisiana law[2], an employer must either make a tangible employment decision based on race or sex or create a hostile environment that is so severe and pervasive that an employee feels compelled to resign. See Okoye v. Univ. of Tex. Houston Health Science Ctr., 245 F.3d 507, 512-513 (5th Cir. 2001); see also Bourque v. Powell Elec. Mfg. Co., 617 F.2d 61, 65 (5th Cir. 1990). Plaintiff offers no proof that the City made a tangible decision about her employment that was based on race or gender, and the evidence offered by plaintiff regarding her work environment does not raise her co-employees' conduct to the level of "severe and pervasive" harassment as required by law.

Plaintiff's claims stem from two paper-throwing incidents that occurred on June 12 and June 26, 2003. Sergeant Ed Jackson ("Jackson"), a fellow SPD officer of inferior rank, threw wadded-up pieces of trash at McCoy's face and made facial gestures at her. McCoy filed an internal complaint with the SPD, which conducted its own investigation of the incident. The SPD internal affairs officer, Suzanne Gallier, determined that the incident did not rise to the level of harassment. Defendant's Exhibit C-1. SPD Chief Francis Campbell ("Campbell") made the decision to verbally counsel both McCoy and Jackson regarding their "horse play." This counseling is not considered

---

[2]Louisiana's anti-discriminatory law mirrors federal law, and Louisiana courts routinely look to federal jurisprudence for guidance. See Robinson v. Healthworks Int'l, L.L.C., No. 36,802 (La. App. 2d Cir. 1/29/03), 837 So.2d 714, 718; see also Rhyce v. Martin, 173 F.Supp.2d 521, 533 (E.D. La. 2001).

4

discipline by the department of Civil Service. Defendant's Exhibit D.

During her first counseling session with Captain Rick Walker ("Walker"), McCoy was informed that horse play was not appropriate in the work place. McCoy became extremely upset, and told Walker that she "knew it would come back this direction, this way and that's the reason why we have violence in the workplace and that if they're not going to take care of it, then I'll take care of it." Walker Dep. 28: 2-6, May 4, 2005. Plaintiff disputes making these specific comments. However, she acknowledges that she was in an emotional state and admits to saying she would "not take this lying down" and that she needed to go to her doctor's office because she could not work in her condition. McCoy Dep. 211:15-20, May 4, 2005. Because of plaintiff's emotional state, Walker decided to confiscate plaintiff's handgun after the counseling session. Walker Dep. 30:25-31:12.

After McCoy's firearm was taken, Walker explained the events of the day to his superior, Assistant Chief Charlie Owens ("Owens"). Owens decided that the appropriate designation for plaintiff's leave was administrative leave under the circumstances. Owens instructed Walker to have plaintiff sign all necessary paperwork for administrative leave. Owens Aff. ¶ 5. Plaintiff's leave was changed to paid sick leave in September, 2003, and upon her request, plaintiff was relieved of the requirement to call in sick every day. On December 19, 2003, McCoy submitted a letter of resignation to Campbell effective December 31, 2003, although she had several more months of available paid sick leave. McCoy dep. 161:19-162:2, March 23, 2005.

McCoy asserts in her Complaint that she resigned due to "constant discrimination and harassment in her work environment." If plaintiff had provided proof of such constant discrimination and harassment, this Court could consider her retirement a constructive discharge and,

5

therefore, a tangible employment action by defendant. However, constructive discharge requires a showing that "the employer deliberately [made] an employee's working conditions so intolerable that the employee is forced into an involuntary resignation." Bourque, 617 F.3d at 65. Plaintiff has not offered any evidence that would suggest that the City deliberately made her working conditions intolerable, or that her resignation was anything other than completely voluntary. Therefore, plaintiff has not proven a tangible employment action by the defendants and her discrimination claims must be dismissed.

### C. Harassment Claim

Plaintiff has not proven that the City created a hostile working environment. Because McCoy suffered no tangible employment action, defendant's discriminatory conduct must have been severe and pervasive if plaintiff's claims are to survive summary judgment. The United States Supreme Court has stated that courts must view the totality of the circumstances to determine if a hostile or abusive working environment exists. Courts may weigh different factors, such as the frequency of the conduct, its severity, whether it is physically threatening or humiliating, whether it is a mere offensive utterance, or whether it unreasonably interferes with an employee's work performance. See Harris v. Forklift Sys., 510 U.S. 17, 23, 114 S.Ct. 367, 371, 126 L.Ed.2d 295 (1993).

Even if this Court weighs the evidence regarding incidents that occurred before August 21, 2003, the instances of discriminatory conduct by McCoy's fellow employees are not pervasive enough to classify the SPD as a hostile working environment. The incidents plaintiff cites as discriminatory, such as the paper-throwing incident of June, 2003, or Jackson's calling plaintiff "Mammy" in 1994 do not rise to the level of pervasive conduct. In order for a hostile environment to exist, defendant's conduct must have been "extreme to amount to a change in the terms and

conditions of employment." See Faragher v. City of Boca Raton, 524 U.S. 775, 788, 118 S.Ct. 2275, 2284, 141 L.Ed.2d 662 (1998). This Court finds that defendant's conduct was neither severe nor pervasive enough to rise to this standard. Accordingly plaintiff's Title VII harassment claims must be dismissed.

### D. Retaliation Claim

To establish a prima facie claim of retaliation under Title VII, plaintiff must show (1) that she engaged in protected activity; (2) that she suffered an adverse employment action; and (3) that a causal connection exists between the protected activity and the adverse employment action. Only ultimate employment decisions, such as hiring, granting leave, discharging, promoting, and compensating satisfy the adverse employment action element of a prima facie case of retaliation. Fierros v. Tex. Dep't of Health, 274 F.3d 187, 191 (5th Cir. 2001). In the case sub judice, McCoy left on her own accord because she could not work in her emotional state. McCoy Dep. 139:9-17. She was later placed on paid administrative leave for legal purposes and eventually voluntarily resigned. Accordingly, this Court finds that plaintiff has not established an adverse employment action by defendant, and her retaliation claims under Title VII and state law must be dismissed.

## II. FIRST AMENDMENT CLAIM–Retaliation

To prove a First Amendment retaliation claim, a plaintiff must show: (1) an adverse employment action; (2) speech involving a matter of public concern; (3) that her interest in speaking outweighs the employer's interest in efficiency; and (4) that the speech precipitated the adverse employment action. Teague v. City of Flower Mound, Tex., 179 F.3d 377, 380 (5th Cir. 1999). For the above reasons, plaintiff has not shown that she suffered an adverse employment action and her First Amendment retaliation claim must be dismissed.

## III. LOUISIANA TORT CLAIM–Intentional Infliction of Emotional Distress

Plaintiff asserts that defendant's conduct was intentional and was performed with reckless and callous disregard for her rights. Plaintiff applies her situation to the test articulated in <u>White v. Monsanto Co.</u>, 585 So.2d 1205, 1209 (La. 1991) and asserts that defendant's permitting a hostile work environment was extreme and outrageous, that her emotional distress was severe, and that defendant knew that such emotional distress would be certain or substantially certain to result from the conduct of its employees. However, the Louisiana Supreme Court has explained that to establish a claim for intentional infliction of emotional distress, "the conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious and utterly intolerable in a civilized community." <u>Id.</u> For the reasons stated above, this Court finds that defendant's conduct did not meet this standard. Thus, plaintiff's state tort claims must also be dismissed.

## CONCLUSION

For the reasons stated above, plaintiff's claims are hereby **DISMISSED WITH PREJUDICE**

**THUS DONE AND SIGNED,** in Shreveport, Louisiana, this 7 day of March, 2006.

DONALD E. WALTER
UNITED STATES DISTRICT JUDGE